IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

EDWARD M. KERWIN and
KAREN ALICE PETZINGER,

          Plaintiffs,

      v.

PAULA BENNETT, BILL WHITNEY,
and INTERNAL REVENUE SERVICE,

          Defendants.

No. 3:12-cv-01617-HZ

OPINION & ORDER

Steven M. Cyr
LEGAL REPRESENTATION, LLC
4850 SW Scholls Ferry Road, Suite 305
Portland, OR 97225

    Attorney for Plaintiffs

Nathaniel B Parker
DEPARTMENT OF JUSTICE TAX DIVISION
P.O. Box 683 Ben Franklin Station
Washington, DC 20244

    Attorney for the United States

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Now before me is a motion for a temporary restraining order ("TRO") (doc. #7) filed by Edward M. Kerwin and Karen Alice Petzinger ("Plaintiffs"). Also before me is a motion to dismiss (doc. #11) filed by the United States pursuant to rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Rules"). For the reasons that follow, the motion to dismiss is GRANTED and Plaintiffs' motion for a TRO is DENIED as moot.

## BACKGROUND

Plaintiffs bring suit against the Internal Revenue Service ("IRS") and two IRS agents, Paula Bennett ("Bennett") and Bill Whitney ("Whitney") (collectively, "Defendants").[1] Plaintiffs' first cause of action alleges Bennett unlawfully disclosed Plaintiffs' financial information when she "had a conversation with [Joe Kellerman ("Kellerman"),] her next-door neighbor", telling him "that the IRS was auditing Plaintiffs' returns." Compl., ¶ 3. Plaintiffs allege that the "compromise of personal financial information violates federal law and should disqualify [Bennett] and [Whitney] from auditing any of the Plaintiffs' tax returns or entities." Id., ¶ 4.

Plaintiffs' second cause of action alleges a conflict of interest by Bennett. Id., ¶¶ 5-6. Plaintiffs allege that Kellerman is an attorney representing the Ashland Gun Club, which Plaintiffs are suing for "lead pollution". Id. According to Plaintiffs, "this ongoing relationship has led to animosity in the dealings between [Bennett] and . . . Plaintiffs and . . . Plaintiffs's [sic] representatives." Id., ¶ 5. "Because of the personal relationship between [Kellerman] and [Bennett]", Plaintiffs ask that Bennett "be disqualified from auditing any of . . . Plaintiffs's [sic] returns." Id., ¶ 6.

---

[1] The Complaint alleges that Plaintiffs were residents of Jackson County, Oregon, and that Bennett and Whitney were employees at the IRS's Jackson County, Oregon office at all relevant times. Compl., ¶¶ 1-2.

Plaintiffs' third cause of action alleges that all of Plaintiffs' "CPAs are located in Portland, Oregon . . . [and] [a]ll of their books and records regarding tax returns are located in Portland, Oregon." Id., ¶ 7. Plaintiffs allege that Defendants have "refused to allow the files to be transferred to Portland[, thereby] causing . . . Plaintiffs to incur additional fees for their accountants to travel with records to Medford, Oregon." Id., ¶ 8.

Plaintiffs' fourth cause of action alleges that Bennett is "biased". Id., ¶ 10. Plaintiffs allege that Bennett "audited earlier returns of . . . Plaintiffs . . . [and] [i]n those audits[,] there was a disagreement between the IRS and . . . Plaintiffs' tax professionals regarding the adjustments proposed by the IRS." Id. Plaintiffs allege that Bennett took the disagreement "personally and has threatened to expand the audit from the original entity to all entities and to disallow each and every deduction . . . in a statutory notice of deficiency." Id., ¶ 11. Plaintiffs state that Bennett should thus "be disqualified from auditing . . . Plaintiffs' returns" because of her "bias". Id., ¶ 12.

Plaintiffs' fifth cause of action alleges Bennett retaliated against Plaintiffs by threatening to "issue a notice of deficiency disallowing all deductions on all [of Plaintiffs'] returns." Id., ¶¶ 13-14. Accordingly, Plaintiffs state that Bennett's "unlawful and retaliatory contact should disqualify her from auditing any of the Plaintiffs' returns." Id., ¶ 14.

Plaintiffs' prayer for relief seeks a judgment "that the audit be moved to the Portland field office and . . . that the Medford office of the IRS have no further contact with Plaintiffs." Prayer for Relief, ¶¶ 1-5.

/ / /

/ / /

/ / /

3 - OPINION & ORDER

**STANDARDS**

**I. Rule 12(b)(1)**

Rule 12(b)(1) requires dismissal of an action for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) (citations omitted).  "[A] Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court."  St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) (citation omitted).  "It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction."  Id.

**II. Rule 12(b)(6)**

Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Under Rule 8, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff."  In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (quoting In re Wells Fargo Sec. Litig., 12 F.3d 922, 925 (9th Cir. 1993)).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  "Factual allegations must

4 - OPINION & ORDER

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id.

## DISCUSSION

### I. Whether the Complaint Improperly Brings Claims Against the IRS

The United States argues that the IRS is not a proper party in this action. Plaintiffs concede this point and admit that the United States, not the IRS, is the proper defendant. See Mem. in Opp'n to Defs.' Mot. to Dismiss ("Resp."), p. 2. I agree that Plaintiffs improperly bring their claims against the IRS. See Krouse v. U.S. Gov't Treasury Dept. I.R.S., 380 F. Supp. 219, 221 (D.C. Cal. 1974) (the "Department of the Treasury and the Internal Revenue Service are not entities subject to suit") (citing Blackmar v. Guerre, 342 U.S. 512 (1952)); Walker v. I.R.S., 2009 WL 2970496, No. MC-09-0080-PHX-DGC, at *1 (D. Ariz. 2009) ("[N]either the IRS, nor its agents or subsidiaries, can sue or be sued.") (Citation omitted); Kernan v. I.R.S., 2006 WL 726910, No. MC-05-0169-PHX-FJM, at *1 (D. Ariz. 2006) ("Congress has made no provisions for suits against the IRS; therefore the IRS is not a proper defendant in this action.") (Citation omitted); White v. I.R.S., 790 F. Supp. 1017, 1019 (D. Nev. 1990) ("[A]gencies such as the IRS are not suable entities.") (Citation omitted); Decker v. United States, 2009 WL 1455327, No. C08-1339 RSM, at *1 (W.D. Wash. 2009) ("Congress has not waived sovereign immunity for the IRS.") (Citation omitted); Comeau v. Dep't of Treasury, 2006 WL 2865219, No. C06-5318RJB, at *1 (W.D. Wash. 2006) ("The IRS is not an entity subject to suit.") (Citation omitted). Based on the above, Plaintiffs' claims against the IRS are dismissed.

### II. Whether This Court Lacks Subject-Matter Jurisdiction

The United States asserts that the Complaint must be dismissed under Rule 12(b)(1) because Plaintiffs fail to argue that the United States has waived its sovereign immunity. The

5 - OPINION & ORDER

United States also contends that the claims brought against Bennett and Whitney must be dismissed because the injunctive relief sought by Plaintiffs operates against the United States, not Bennett and Whitney.

Even if I were to substitute the United States as a defendant in this action, I would conclude that this Court lacks subject-matter jurisdiction. "It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985) (citations omitted); United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of such consent is a prerequisite for jurisdiction."). "A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity." Baker v. U.S., 817 F.2d 560, 562 (9th Cir. 1987) (citation omitted). "The bar of sovereign immunity extends to agents and officers of the United States where they are sued in their official capacities for actions within the scope of their employment." Boatner v. United States, 914 F.2d 261 (9th Cir. 1990) (citation omitted). Absent a waiver of sovereign immunity, a federal court lacks subject-matter jurisdiction over a claim against the United States, and dismissal is required. See, e.g., Bunting v. United States, 951 F.2d 358 (9th Cir. 1991) (citation omitted).

Plaintiffs do not meet their burden of establishing subject-matter jurisdiction. Plaintiffs fail to cite any authority vesting this Court with subject-matter jurisdiction or establishing that the United States has waived its sovereign immunity. Additionally, the Ninth Circuit has previously stated that claims against the IRS and United States are barred by sovereign immunity. See Geremia v. Colo. Belle Corp., 54 Fed. Appx. 646 (9th Cir. 2003) (construing plaintiff's "claims against the IRS as against the United States . . . [and therefore concluding that

6 - OPINION & ORDER

plaintiff's claims were] . . . barred by sovereign immunity") (citation omitted); State of Neb. ex rel. Dep't. of Soc. Servs. v. Bentson, 146 F.3d 676, 679 (9th Cir. 1998) (a district court lacks jurisdiction over the IRS "[w]ithout an express waiver of the IRS's sovereign immunity as an agency of the United States").

Plaintiffs' request for injunctive relief is also barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a). "Injunctive relief against the IRS is generally prohibited by the Anti-Injunction Act." Cool Fuel, Inc. v. Connett, 685 F.2d 309, 313 (9th Cir. 1982) (citing 26 U.S.C. § 7421(a)). The Anti-Injunction Act provides:

> Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a).

In addition to the statutory exceptions listed in § 7421(a), there exists a well-recognized judicial exception which entitles Plaintiffs to injunctive relief if they demonstrate that "(1) under no circumstances can the government ultimately prevail on the merits; and (2) the taxpayer will suffer irreparable injury without injunctive relief." Elias v. Connett, 908 F.2d 521, 525 (9th Cir. 1990) (citation omitted). The policy or purpose behind the Anti-Injunction Statute is to protect the "government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference". Blech v. United States, 595 F.2d 462, 467 (9th Cir. 1979) (quotation marks and citations omitted). The "statutory ban against judicial interference with the assessment or collection of taxes is equally applicable to activities which are intended to or may culminate in the assessment or collection of taxes." Id. "If a taxpayer fails to establish that his suit falls within one of the statutory or judicially created exceptions to the [Anti-

7 - OPINION & ORDER

Injunction] Act, the district court lacks subject matter jurisdiction and must dismiss the complaint." Jensen v. I.R.S., 835 F.2d 196, 198 (9th Cir. 1987) (citations omitted). "[Section 7421(a)] is strictly enforced." See, e.g., Maxfield v. U.S. Postal Serv., 752 F.2d 433, 434 (9th Cir. 1984) (citations omitted).

Plaintiffs do not argue that any of the statutory exceptions to the Anti-Injunction Act apply. Rather, Plaintiffs argue that the judicial exception to the Anti-Injunction Act applies. Plaintiffs assert that if they are refused the injunctive relief they seek, they will suffer irreparable harm, contending that they "have already incurred substantial professional fees" and "[i]f . . . allowed to continue . . . , it is likely that [Plaintiffs] . . . will go out of business." Resp., p. 2. Plaintiffs also contend that the Anti-Injunctive Act is inapplicable because their "suit simply seeks independent auditors and does not in any way affect the government's ability to assess or collect taxes". Id.

Plaintiffs' arguments are unavailing. Plaintiffs fail to satisfy either prong of the judicial exception to the Anti-Injunction Act. They fail to argue, let alone show, that the United States would not ultimately prevail on the merits. Plaintiff also makes no showing of irreparable injury. Plaintiffs' conclusory assertion that they will be irreparably harmed because they will "likely" go out of business based on prospective "professional fees" is speculative at best. Plaintiffs do not articulate what the "professional fees" are, provide any evidence of the amounts of "professional fees" they have incurred or will accrue, and fail to establish in any way whatsoever that the accrual of "professional fees" will cause them to go out of business. Accordingly, Plaintiffs fail to demonstrate that the judicial exception to § 7421(a) applies.

Finally, I find that the relief Plaintiffs seek–namely, transferring their audit to the IRS's Portland office and prohibiting the IRS's Medford office from having further contact with

8 - OPINION & ORDER

Plaintiffs–is clearly "intended to or may culminate in the assessment of taxes" and has the impermissible purpose of restraining the assessment or collection of taxes.

Because Plaintiffs' claims against the United States are barred by sovereign immunity and because the relief Plaintiffs seek is barred by the Anti-Injunction Act, this action must be dismissed for lack of subject-matter jurisdiction.

### III. Motion for TRO

Having concluded that this Court lacks subject-matter jurisdiction, Plaintiffs' motion for a TRO is denied as moot.

### CONCLUSION

For the reasons set forth above, the motion to dismiss (doc. #11) is GRANTED without prejudice and Plaintiffs' motion for a TRO (doc. #7) is DENIED as moot.

IT IS SO ORDERED.

Dated this 23 day of Dec, 2012.

_____
MARCO A. HERNANDEZ
United States District Judge

9 - OPINION & ORDER